UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| IN RE: | Case No: **10-50529** |
| **Richard Quimby** | DATED: **12/2/2010** |
| **Patricia Ann Quimby** | Chapter: **13** |
| Debtor(s) | EIN: |
| Attorney Phone No: **(806) 687-4357** | Judge: **Robert L. Jones** |

### DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION
### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 7-6-06

This Plan contains non-standard provisions in Section IV (last page):   ☑ yes   ☐ no

**A. DEBTOR PAYMENTS**   DEBTOR(S) PROPOSES TO PAY TO THE TRUSTEE THE SUM OF:

MONTHS 1 TO 60        $2,200.00   PER MONTH

FOR A TOTAL OF   **$132,000.00**   ("BASE AMOUNT")*.

*The base amount is an estimated amount based on the treatment of the regular mortgage payment, if any, in this plan. If the regular monthly mortgage payment is paid by the Trustee, the base amount may change in accordance with changes to the monthly mortgage payment inclusive of trustee fees.

FIRST PAYMENT IS DUE   **12/12/2010**  .

THE ESTIMATED UNSECURED CREDITORS POOL IS **$82,861.20**   calculated as:   **$1,381.02**   (Disposable income per § 1325(b)(2)) x   **60 months**   (Applicable Commitment Period per § 1325(b)(4)), but not less than Debtor's equity in non-exempt property:   **$29,107.48**   pursuant to § 1325(a)(4).

**B. ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:**  Total filing fees paid through the plan, if any, are   **$0.00**   and shall be paid in full prior to disbursements to any other creditor.

2. **TRUSTEE FEES AND NOTICING FEES:**  Trustee fees and any noticing fees shall be paid first out of each disbursement and as provided in General Order 2006-01.

3. **DOMESTIC SUPPORT OBLIGATIONS:**  Prior to discharge, Debtor will pay all post-petition Domestic Support Obligations (as defined in § 101(14A)) directly to the holder(s) of such obligation(s), unless payment through the Plan as hereinafter provided is agreed to in writing by the respective holder(s) of the claim(s) or their agent(s). Pre-petition Domestic Support Obligations per Schedule "E" shall be paid the following monthly payments:

| DSO CLAIMANT(S) | SCHEDULED AMOUNT(S) | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|
| | | | |

**C. ATTORNEY FEES:** TO   **Sam C. Gregory, PLLC**   , TOTAL:  **$3,500.00**   ;   **$1,030.00**   PRE-PETITION;   **$2,470.00**   THROUGH TRUSTEE. PRE-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE PER THE AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS. POST-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE MADE FROM FUNDS REMAINING AFTER PAYMENT OF ADMINISTRATIVE AND DSO CLAIMS AS PROVIDED ABOVE ('B') AND EACH SPECIFIED MONTHLY PLAN PAYMENT TO SECURED CREDITORS ('D' AND/OR 'E' BELOW) BEFORE ANY PAYMENT TO PRIORITY CREDITORS ('H' BELOW) OR UNSECURED CREDITORS ('I' AND 'J' BELOW).

**D.(1) HOME MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|

Case No: 10-50529
Debtor(s): Richard Quimby
Patricia Ann Quimby

### D.(2) HOME MORTGAGE - REGULAR PAYMENT PAID BY THE TRUSTEE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | BEGINNING MONTH | REGULAR MONTHLY PAYMENT |
|---|---|---|---|
| | | | |

If pursuant to this Plan, the Debtor pays timely both the Allowed Home Mortgage Arrearage Claim Amount and all required post-petition mortgage payments through the Trustee to any Mortgagee identified in paragraph "D" or its assignee(s), the mortgage will thereupon be reinstated according to its original terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alleged to have arisen prior to the filing of the petition or during the life of the plan except as shown in this plan or ordered by the Court.

### E.(1) SECURED CREDITORS--PAID BY THE TRUSTEE

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| HSBC / The Furniture Row Living Room Furniture | $3,698.51 | $1,500.00 | 6.00% 6.00% | Month(s) 1-2 Month(s) 3-10 | $20.00 $200.00 |

### E.(2)(a) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE--NO CRAM DOWN:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| American State Bank 2000 Freightliner FL60 Tow Truck | $14,350.82 | N/A | 6.00% 6.00% | Month(s) 1-2 Month(s) 3-11 | $180.00 $1,780.00 |

### E.(2)(b) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE--CRAM DOWN:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

*TO THE EXTENT THE VALUE AMOUNT IN E.(2)(b) IS LESS THAN THE SCHEDULED AMOUNT IN E.(2)(b), THE CREDITOR SHALL HAVE THE OPTION OF REQUIRING THE DEBTOR TO SURRENDER THE COLLATERAL BY OBJECTING TO THE PROPOSED TREATMENT.*

**IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN PARAGRAPH E.(2)(b) THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR IN SATISFACTION OF THE CREDITOR'S CLAIM. IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON ENTRY OF THE ORDER CONFIRMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.**

**ABSENT SUCH OBJECTION, THE CREDITOR(S) LISTED IN "E.(2)(b)" SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED THEIR RIGHTS UNDER SECTION 1325(a)(5)(B) AND (C) OF THE BANKRUPTCY CODE.**

*THE VALUATION OF COLLATERAL AND INTEREST RATE TO BE PAID ON THE ABOVE SCHEDULED CLAIMS IN E(1) AND E(2)(a) AND (b) WILL BE FINALLY DETERMINED AT CONFIRMATION. THE CLAIM AMOUNT WILL BE DETERMINED BASED ON A TIMELY FILED PROOF OF CLAIM AND THE TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC".)*

*EXCEPT FOR "VALUATION" AND "INTEREST RATE," CONFIRMATION HEREOF SHALL BE WITHOUT PREJUDICE TO THE DEBTOR'S, THE TRUSTEE'S, OR ANY SECURED CREDITOR'S RIGHT TO A LATER DETERMINATION OF THE ALLOWED AMOUNT OF ANY CREDITOR'S SECURED CLAIM. TO THE EXTENT SUCH CLAIM IS ALLOWED FOR AN AMOUNT GREATER OR LESSER THAN THE "SCHEDULED AMOUNT" PROVIDED FOR ABOVE, AFTER THE TRCC IS FINAL, DEBTOR WILL MODIFY THE PLAN TO FULLY PROVIDE FOR SUCH ALLOWED SECURED CLAIM.*

Case No: 10-50529
Debtor(s): Richard Quimby
Patricia Ann Quimby

### F. SECURED CREDITORS--COLLATERAL TO BE SURRENDERED:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

*The Automatic Stay will terminate as to Collateral listed in this paragraph F. upon filing hereof but nothing in this Plan shall be deemed to abrogate any applicable non-bankruptcy law contract rights of the Debtor(s).*

### G. SECURED CREDITORS--PAID DIRECT BY DEBTOR

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| American State Bank<br>Homestead - 3rd Lien | $9,932.88 | $49,646.51 | $179.26 / month |
| American State Bank<br>Contract for Home Imp & D/T -- 2nd Lien | $8,532.43 | $39,713.63 | $220.87 / month |
| Wells Fargo Home Mtg.<br>Homestead - 1st Lien | $44,922.49 | $94,569.00 | $517.21 / month |

### H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|
| IRS (Internal Revenue Service) | $6,000.00 | Month(s) 13-16 | $1,900.00 |

### I. SPECIAL CLASS:

| CREDITOR / JUSTIFICATION | SCHED. AMT. | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|
| | | | |

### J. UNSECURED CREDITORS

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Bank of America | $7,071.62 | |
| Chase | $4,271.96 | |
| Chase | $20,307.48 | |
| Chase / Best Buy | $3,736.14 | |
| Chase Slate | $56.50 | |
| Chase Slate | $14,111.80 | |
| Dillard's / GE Money Bank | $246.17 | |
| Discover Bank | $12,662.85 | |
| FHA/HUD | $0.00 | |
| GM Card | $13,195.69 | |
| HSBC | $11,933.01 | |
| HSBC / Best Buy | $240.69 | |
| HSBC / The Furniture Row | $2,198.51 | Unsecured portion of the secured debt (Bifurcated) |
| Sears / CBSD | $2,216.49 | |
| TOTAL SCHEDULED UNSECURED: | $92,248.91 | |

UNSECURED CREDITORS ARE NOT GUARANTEED A DIVIDEND WHEN A PLAN IS CONFIRMED, SEE GENERAL ORDER 2006-01. ALLOWED GENERAL UNSECURED CLAIMS MAY RECEIVE A PRO-RATA SHARE OF THE UNSECURED CREDITORS' POOL, BUT NOT LESS THAN THE SECTION 1325(a)(4) AMOUNT SHOWN IN SECTION I "A" ABOVE LESS ALLOWED ADMINISTRATIVE AND PRIORITY CLAIMS, AFTER THE TRCC BECOMES FINAL. A PROOF OF CLAIM MUST BE TIMELY FILED TO BE ALLOWED.

Estimated payout to unsecured creditors based on scheduled amounts is _____**100%**_____ .

Case No: 10-50529
Debtor(s): **Richard Quimby**
**Patricia Ann Quimby**

## K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|

## L. CLAIMS TO BE PAID:

'TERM (APPROXIMATE)' SHOWN HEREIN GIVES THE ESTIMATED NUMBER OF MONTHS FROM THE PETITION DATE REQUIRED TO FULLY PAY THE ALLOWED CLAIM. IF ADEQUATE PROTECTION PAYMENTS HAVE BEEN AUTHORIZED AND MADE, THEY WILL BE APPLIED TO PRINCIPAL AS TO UNDER-SECURED CLAIMS AND ALLOCATED BETWEEN INTEREST AND PRINCIPAL AS TO OVER-SECURED CLAIMS. *PAYMENT PURSUANT TO THIS PLAN WILL ONLY BE MADE TO SECURED, ADMINISTRATIVE, PRIORITY AND UNSECURED CLAIMS THAT HAVE BEEN ALLOWED OR THAT THE DEBTOR HAS AUTHORIZED IN AN ADEQUATE PROTECTION AUTHORIZATION. GENERAL UNSECURED CLAIMS WILL NOT RECEIVE ANY PAYMENT UNTIL AFTER THE TRCC BECOMES FINAL.*

*THE "SCHED. AMT." SHOWN IN THIS PLAN SHALL NOT DETERMINE THE "ALLOWED AMOUNT" OF ANY CLAIM.*

## M. ADDITIONAL PLAN PROVISIONS:

SEE SECTION IV ON LAST PAGE FOR ADDITIONAL PLAN PROVISIONS, IF ANY.

Case No: 10-50529
Debtor(s): **Richard Quimby**
**Patricia Ann Quimby**

## SECTION II
## DEBTOR'S(S') CHAPTER 13 PLAN--GENERAL PROVISIONS

### A. SUBMISSION OF DISPOSABLE INCOME

Debtor(s) hereby submits such portion of future earnings or other future income as herein provided to the supervision and control of the Trustee as necessary for the execution of the Plan as herein provided.

Debtor proposes to PAY TO THE TRUSTEE the Base Amount indicated in Section I, Part "A" hereof. If applicable, cause exists for payment over a period of more than three (3) years.

If the Plan does not pay 100% to all creditors, the Base Amount shall not be less than the sum of the allowed administrative expenses plus the allowed priority and secured claims (with interest if applicable) plus the greater of the unsecured creditors' pool, or the 11 USC 1325(a)(4) amount (Best Interest Test).

Payment of any claim against the Debtor may be made from the property of the estate or property of the Debtor(s), as herein provided.

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY FEES AND NOTICING FEES

The Administrative Expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sec 105(a), 503(b), 1326(b)(2), and 28 U.S.C. Sec 586(e)(1)(B). The Trustee's Fees & Expenses, not to exceed ten percent (10%) allowed pursuant to 28 U.S.C. Sec 586(e)(1)(B), shall be deducted from each payment. Additionally, the Trustee is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof, pursuant to local rule. No Trustee fee will be collected on Noticing Fees.

Debtor will pay in full all Domestic Support Obligations that are due before discharge, including section 507(a)(1) Priority claims due before the petition was filed, but only to the extent provided for in this Plan.

### C. ATTORNEY FEES

Debtor's(s') Attorney Fees totaling the amount indicated in Section I Part "C", shall be paid by the Trustee in the amount shown as "through Trustee", pursuant to this Plan and the Debtor's(s') Authorization for Adequate Protection Disbursements.

### D.(1) PRINCIPAL RESIDENCE ARREARAGES (HOME MORTGAGE)

Arrearage on claims secured only by a security interest in the Debtor's(s') principal residence shall be paid by the Trustee in the allowed arrearage amount, and at the Annual Percentage rate of interest indicated in Section I, Part "D(1)" herein. To the extent interest is provided, interest will be calculated from the date of the Petition. The principal balance owing upon confirmation of the Plan on the allowed arrearage amount shall be reduced by the total of adequate protection paid less any interest (if applicable) made to the respective creditor by the Trustee. Such creditors shall retain their liens. To the extent an arrearage claim is allowed in an amount in excess of the Sched. Arr. Amt., the Debtor will promptly Modify the Plan to provide for full payment of the allowed amount, or for surrender of the collateral, at Debtor's election. If Debtor elects to surrender the collateral, the creditor may retain all pre-surrender payments received pursuant hereto.

### D.(2) PRINCIPAL RESIDENCE (HOME MORTGAGE) REGULAR MONTHLY PAYMENT PAID BY TRUSTEE

If the debtor(s) is/are in arrears as of the petition date in the monthly payments owing to a creditor holding a claim secured by real property that is the debtor's(s') principal residence as indicated in Section I, Part "D(1)", the post-petition monthly mortgage payments that come due during the life of the plan shall be paid to the creditor by the Trustee from funds paid to the Trustee by the Debtor(s). Such creditors shall retain their liens.

No charges to the Debtor's(s') mortgage during the life of the plan shall apply unless written notice of same has been provided to the Trustee, Debtor(s), and Debtor's(s') attorney and ordered by the Court. For purposes of determining whether a late charge may be imposed, any post petition contract payment tendered by the Trustee shall be applied by the claimant to the most recent post-petition contract installment due.

The "Regular Monthly Payment" indicated in Section I, Part "D(2)" reflects the monthly payment amount owing to the creditor as of the date of the filing of this plan. Upon written notification by the mortgage holder to the Trustee, Debtor(s), and Debtor's(s') attorney of any payment changes caused by variable interest rate or escrow changes, the Trustee is authorized to automatically change the amount of the monthly payment, and the plan shall be deemed modified. The Debtor(s) will adjust their plan payments accordingly with changes to the regular monthly payment inclusive of Trustee Fees and the Trustee is authorized to automatically amend the Wage Withholding Directive(s), if any.

Case No: 10-50529
Debtor(s): **Richard Quimby**
**Patricia Ann Quimby**

Payments received by the Trustee for payment of the Debtor's(s') monthly mortgage shall be deemed adequate protection to the creditors.

If for any reason a Motion to Lift Stay is filed, it must be served on the Trustee, Debtor(s), and Debtor's(s') attorney.

Upon completion of the plan, and upon a finding that the Debtor(s) have paid all arrearages, costs, escrow shortages and other expenses set forth in the original and any amended proof of claim or written notice by the creditor pursuant to the terms of this plan, the Court may issue an order declaring the mortgage payments are current with no escrow balance, late charges, costs or attorney's fees owing as of the last payment made by the Trustee. The Trustee's records shall be binding on all parties.

Debtor(s) shall resume regular monthly mortgage payments on the contract installment due date following the last payment by the Trustee.

### E.(1) SECURED CLAIMS TO BE PAID BY TRUSTEE

The claims listed in Section I, Part "E(1)" shall be paid by the Trustee as "SECURED" to the extent of the lesser of the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s). Any amount claimed in excess of the value shall automatically be "split" and treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a). Such creditors shall retain their liens on the collateral described in Section I, Part "E(1)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than the Claim Amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

### E.(2)(a) SECURED SECTION 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN

Claims in Section I, Part "E(2)(a)" are either debts incurred within 910 days of the Petition date secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor or debts incurred within one year of the petition date secured by any other thing of value.

The claims listed in Section I, Part "E(2)(a)" shall be paid by the Trustee as "SECURED" to the extent of the "ALLOWED AMOUNT" (per timely filed Proof of Claim not objected to by a party in interest.) Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(a)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of the Petition. The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

### E.(2)(b) SECURED SECTION 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--CRAM DOWN

The claims listed in Section I, Part "E(2)(b)" shall be paid by the Trustee as "SECURED" to the extent of the LESSER OF the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s). Any amount claimed in excess of the value shall automatically be "split" and treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a). Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(b)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than the Claim Amount, from the date of the Petition, up to the amount by which the claim is over-secured.

**IF THE "VALUE" SHOWN IN "E(2)(b)" ABOVE IS LESS THAN THE "SCHED. AMT." SHOWN, THE "ALLOWED AMOUNT" OF THE SECURED PORTION OF THE CLAIM SHALL NOT EXCEED THE "VALUE" DETERMINED AT CONFIRMATION.**

**IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN THIS PARAGRAPH, THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR IN SATISFACTION OF THE CREDITOR'S CLAIM. IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON ENTRY OF THE ORDER CONFIRMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.**

**ABSENT SUCH OBJECTION, THE CREDITOR LISTED IN "E.(2)(b)" SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED ITS RIGHTS UNDER SECTION 1325(a)(5)(B) AND (C) OF THE BANKRUPTCY CODE.**

To the extent a secured claim NOT provided for in Section I Part "D", "E(1)" or "E(2)" is allowed by the Court, Debtor(s) will pay the claim 'DIRECT' per the contract unless otherwise Ordered by the Court.

Each secured claim shall constitute a separate class.

## F. SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL

The claims listed in Section I, Part "F" shall be satisfied as 'SECURED' to the extent of the VALUE of the collateral, as shown, by SURRENDER of the collateral by the Debtor(s) on or before Confirmation. Any amount claimed in excess of the value of the collateral as shown, to the extent it is allowed, shall be automatically "split" and treated as indicated in Section I, Part "H" or "J" per 11 U.S.C. Sec 506(a).

Each secured claim shall constitute a separate class.

## G. DIRECT PAYMENTS BY DEBTOR(S)

All secured claims listed in Section I, Part "G" shall be paid 'DIRECT' by the Debtor(s) in accordance with the terms of their agreement, unless otherwise provided in Section IV.

Each secured claim shall constitute a separate class.

## H. PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS

All allowed claims (i.e., those for which a Proof of Claim is timely filed and not objected to by a party in interest) entitled to priority under Section 507(a) of the Bankruptcy Code, other than Section 507(a)(1) Domestic Support Obligations, will be paid in full (except as provided in Section 1322(a)(4)) in deferred installments, unless the holder of such claim agrees to a different treatment of such claim. Failure to object to confirmation of this Plan shall not be deemed "acceptance" of the "SCHED AMT." shown in Section I Part "H" hereof. The claims listed in Section I, Part "H" shall be paid their allowed amount by the Trustee in full as Priority without interest at the monthly amount indicated or pro rata.

Priority claims for taxes are unsecured and shall not accrue interest or penalty subsequent to the filing, and such interest or penalty as might otherwise accrue thereafter shall be discharged upon completion of the Plan.

## I. CLASSIFIED UNSECURED CLAIMS

Classified unsecured claims shall be treated as allowed by the Court.

## J. GENERAL UNSECURED CLAIMS TIMELY FILED

All other claims not otherwise provided for herein shall be designated general unsecured claims. Payments, if any, to general unsecured claims will be on a pro rata basis. All allowed general unsecured claims shall be paid in an amount under the Plan which is not less than the amount that would be paid on such claims if the estate of the Debtor(s) were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the Petition herein.

Any delinquencies under the Plan on allowed secured claims, allowed priority claims and allowed classified unsecured claims must be brought current before any payments are made on general unsecured claims.

General unsecured claims may be paid concurrently with secured, priority and classified unsecured claims so long as each secured, priority, and classified unsecured creditor is receiving not less than its monthly installment as provided herein. If the indicated monthly amount is insufficient to fully pay the monthly payment provided for such allowed secured, priority or classified unsecured claim(s) respectively, the Trustee shall pay in the following order: each classification of such allowed secured claim(s), priority claim(s) and classified unsecured claim(s) pro rata until all such payments within each subclass are current, prior to any other payments to allowed general unsecured claims.

General unsecured claims totaling the amount indicated in Section I Part "J", shall be paid by the Trustee, a PRO RATA share of the unsecured creditors' pool estimated in Section I, Part "A" but not less than the amount indicated pursuant to Section 1325(a)(4) less allowed administrative and priority claims, or the estimated % (if any) shown above.

## K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As provided in Section 1322(b)(7) of the Bankruptcy Code, the Debtor(s) assumes or rejects the executory contracts or unexpired leases with the parties so indicated in Section I, Part "K".

Assumed lease and executory contract arrearage amounts shall be paid by the Trustee as indicated in Section I Part "K".

Case No: 10-50529
Debtor(s): **Richard Quimby**
  **Patricia Ann Quimby**

## L. CLAIMS TO BE PAID

See Section I, Part "L" of the Plan.

## M. ADDITIONAL PLAN PROVISIONS

The provisions set forth in Section IV are additional Plan provisions not otherwise referred to herein.

## N. POST-PETITION CLAIMS

Claims filed under Section 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, Debtor will modify this Plan.

## O. LATE FILED CLAIMS AND CLAIMS NOT FILED

Late filed unsecured claims on pre-petition debt shall be paid pro rata, only after all other timely filed unsecured claims are paid in full. Such payment shall be before any payment on pre-petition non-pecuniary penalties. Late filed claims on priority pre-petition claims shall be paid in full before any payment on late filed general unsecured pre-petition claims. Late filed secured claims shall be paid in full before any payment on late filed priority claims.

A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I or on the AAPD.

## P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES

Any unsecured claim for non-pecuniary penalty, fines, forfeitures, multiple, exemplary or punitive damages, expressly including IRS penalty to date of petition on unsecured and/or priority claims, shall be paid only a pro rata share of any funds remaining after all other unsecured claims including late filed claims, shall have been paid in full.

## Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

## R. BUSINESS CASE OPERATING REPORTS

Upon confirmation, business debtors are no longer required to file operating reports with the Trustee, unless the Trustee or the Court requests otherwise. The filing of a report subsequent to 11 U.S.C. § 1302(c) by the Trustee shall terminate the Trustee's duties to investigate or monitor the debtor's business affairs, assets or liabilities.

## S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRECONFIRMATION OPERATIONS

The Trustee shall not be liable for any claim arising from the post-confirmation operation of Debtor's business. Any claims against the Trustee arising from the pre-confirmation operation of the Debtor's business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation hereof, or be barred.

## T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL

Debtor shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by Debtor(s), prior to discharge, without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.

Upon conversion or dismissal of the case post confirmation, the Trustee shall disburse all funds on hand in accordance with this Plan.

Case No: 10-50529
Debtor(s): **Richard Quimby**
**Patricia Ann Quimby**

## U. ORDER OF PAYMENT

All claims shown in Section I, will be paid in the following order from each disbursement, to the extent allowed:

- 1st -- Specified regular monthly mortgage payment as indicated in "D(2)"
- 2nd -- Administrative Fees and DSO claims in "B"
- 3rd -- Specified monthly dollar amounts to secured claims in "D(1)", "E(1)", and "E(2)"
- 4th -- Debtor attorney fees in "C"
- 5th -- Specified monthly dollar amounts to priority claims in "H"
- 6th -- Specified monthly dollar amounts to special class claims in "I"
- 7th -- Pro-rata among claims in "J" other than late filed and penalty claims
- 8th -- Pro-rata among claims shown as Secured "Late Filed" shown in "D(1)", "E(1)" and "E(2)"
- 9th -- Pro-rata among claims shown as Priority "Late Filed" shown in "H"
- 10th -- Pro-rata among claims shown as Unsecured "Late Filed" shown in "J"
- 11th -- Pro-rata among claims shown as "Penalty" shown in "J"

## V. TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE

Pursuant to General Order 2006-01, Paragraph 8, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor's counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and Notice of Hearing and Pre-Hearing Conference thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an objection is timely filed as to the treatment of any claim, the claim will be allowed or approved only as described in the TRCC, and such treatment will be binding on all parties without further order of the court. All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's Pre-Hearing Conference or give the Trustee prior written notice that a hearing is necessary. To the extent secured and/or priority claims being paid through the Plan by the Trustee are allowed for amounts in excess of the amounts provided for in this Plan, the Debtor(s) will promptly modify the Plan to provide for full payment of the allowed amount. After the TRCC becomes final, should the Plan then become infeasible and/or "insufficient", the Trustee shall be permitted to move the Court to dismiss the case for such reason.

## SECTION III
## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. Sec 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the Plan, Debtor(s) hereby moves the Court to value the collateral described in Section I, Part "E" excluding E(2)(a) and Part "F", as the LESSER of the value set forth therein, or any value claimed on the proof of claim. **Any objection to valuation shall be filed at least five (5) business days prior to the date of the Trustee's pre-hearing conference regarding Confirmation, or be deemed waived.**

Case No: 10-50529
Debtor(s): **Richard Quimby**
**Patricia Ann Quimby**

# SECTION IV
# ADDITIONAL PLAN PROVISIONS

Additional (non-standard) Plan provisions, if any, <u>CAPITALIZED, BOLD AND UNDERSCORED ARE AS FOLLOWS:</u>

<u>Vesting of Property</u>
<u>Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the Debtor(s) after commencement of the case but before the case is closed, dismissed or converted to another chapter of the Code. Property of the estate shall not revest in the Debtor(s) upon confirmation of the Plan, but shall remain property of the bankruptcy estate until Dismissal or Discharge.</u>

<u>Payment of Late Filed Claims</u>
<u>Notwithstanding the provisions contained in paragraph O. above, Late filed non-priority unsecured claims shall not be paid.</u>

<u>Periodic Payments to Secured and/or Priority Creditors</u>
<u>Secured and/or Priority Creditors should refer to the attached "Proposed Payment Schedule for Chapter 13 Plan (Pro Forma)" to determine the precise amount of periodic monthly payments proposed on their claim.</u>

<u>Principal Residence (Home Mortgage) Payments Through Plan</u>
<u>If Debtor's(s') plan provides for payment of post-petition mortgage payments through the Trustee, in addition to the provisions of Section D.(2), to the extent that Debtor timely remits his required plan payments to the Trustee, and to the extent that home mortgage lender reports timeliness of payments to a credit reporting agency during the life of this plan, Home Mortgage Lender shall submit information to a credit reporting agency indicating that post-petition mortgage payments are being received timely (not delinquent).</u>

<u>Application of Payments on Claims Secured by Real Property</u>
<u>Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property (if any) to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i)</u>

Case No: 10-50529
Debtor(s): Richard Quimby
Patricia Ann Quimby

Reservation of Claims / Causes of Action
Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electrionic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United State Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of the Court.

Release of Lien on Certificated Titles
Upon the satisfaction or other discharge of a security interest (in accord with 11 U.S.C. Sec. 1325(a)(5)(B)(i)) in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within ten (10) days after written demand for release of any applicable lien or, in any event, within thirty (30) days of the service of the Discharge Order by the Bankruptcy Noticing Center or other entity as may be directed by the Court to serve the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefor on the certificate or as the Department of Motor Vehicles prescribes, and mail or deliver the certificate and/or release to the debtor(s) or the attorney for the debtor(s). The debtor(s) specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United State Code to pursue the rights and claims provided for herein.

Rejection of Arbitration Provisions
This plan specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of the plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) or the Chapter 13 Trustee.

Respectfully submitted,

Bruce Magness, Debtor's(s') Attorney
12824000
State Bar Number

Case No.: 10-50529

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

IN RE: Richard Quimby, Debtor  
Patricia Ann Quimby, Joint Debtor

CASE NO 10-50529

CHAPTER 13

# PROPOSED PAYMENT SCHEDULE FOR CHAPTER 13 PLAN (PRO FORMA)

*The following payment schedule is a projection of the anticipated payments to be made to the creditors under the plan. This Pro Forma serves as support documentation to the debtor's proposed plan. Actual distributions by the Chapter 13 Trustee may vary.*

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 1 | MONTH 2 | MONTH 3 | MONTH 4 | MONTH 5 | MONTH 6 |
|---|---|---|---|---|---|---|---|---|---|
| American State Bank | $14,350.82 | 6.00% | $467.69 | $180.00 | $180.00 | $1,780.00 | $1,780.00 | $1,780.00 | $1,780.00 |
| HSBC / The Furniture Row | $1,500.00 | 6.00% | $46.68 | $20.00 | $20.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| IRS (Internal Revenue Service) | $6,000.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sam C. Gregory, PLLC | $2,470.00 | 0.00% | $0.00 | $1,711.47 | $758.53 | $0.00 | $0.00 | $0.00 | $0.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| NEW BALANCE: | | | | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | $1,911.47 | $958.53 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $1,021.47 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $288.53 | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 7 | MONTH 8 | MONTH 9 | MONTH 10 | MONTH 11 | MONTH 12 |
|---|---|---|---|---|---|---|---|---|---|
| American State Bank | $14,350.82 | 6.00% | $467.69 | $1,780.00 | $1,780.00 | $1,780.00 | $1,780.00 | $218.51 | $0.00 |
| HSBC / The Furniture Row | $1,500.00 | 6.00% | $46.68 | $200.00 | $200.00 | $200.00 | $106.68 | $0.00 | $0.00 |
| IRS (Internal Revenue Service) | $6,000.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sam C. Gregory, PLLC | $2,470.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| NEW BALANCE: | | | | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | $1,980.00 | $1,980.00 | $1,980.00 | $1,886.68 | $218.51 | $0.00 |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $93.32 | $1,761.49 | $1,980.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 13 | MONTH 14 | MONTH 15 | MONTH 16 | MONTH 17 | MONTH 18 |
|---|---|---|---|---|---|---|---|---|---|
| American State Bank | $14,350.82 | 6.00% | $467.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| HSBC / The Furniture Row | $1,500.00 | 6.00% | $46.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| IRS (Internal Revenue Service) | $6,000.00 | 0.00% | $0.00 | $1,900.00 | $1,900.00 | $1,900.00 | $300.00 | $0.00 | $0.00 |
| Sam C. Gregory, PLLC | $2,470.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| NEW BALANCE: | | | | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | $1,900.00 | $1,900.00 | $1,900.00 | $300.00 | $0.00 | $0.00 |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $80.00 | $80.00 | $80.00 | $1,680.00 | $1,980.00 | $1,980.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 19 | MONTH 20 | MONTH 21 | MONTH 22 | MONTH 23 | MONTH 24 |
|---|---|---|---|---|---|---|---|---|---|
| American State Bank | $14,350.82 | 6.00% | $467.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| HSBC / The Furniture Row | $1,500.00 | 6.00% | $46.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| IRS (Internal Revenue Service) | $6,000.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sam C. Gregory, PLLC | $2,470.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| NEW BALANCE: | | | | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 25 | MONTH 26 | MONTH 27 | MONTH 28 | MONTH 29 | MONTH 30 |
|---|---|---|---|---|---|---|---|---|---|
| American State Bank | $14,350.82 | 6.00% | $467.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| HSBC / The Furniture Row | $1,500.00 | 6.00% | $46.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| IRS (Internal Revenue Service) | $6,000.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sam C. Gregory, PLLC | $2,470.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| IN RE: | Richard Quimby, Debtor | CASE NO | 10-50529 |
|---|---|---|---|
| | Patricia Ann Quimby, Joint Debtor | CHAPTER | 13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | BEGINNING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | DEBTOR'S PAYMENT TO TRUSTEE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| | | NEW BALANCE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | DISTRIBUTION TO GENERAL UNSECUREDS: | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 |
| | TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 |
| | | ENDING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 31 | MONTH 32 | MONTH 33 | MONTH 34 | MONTH 35 | MONTH 36 |
|---|---|---|---|---|---|---|---|---|---|
| American State Bank | $14,350.82 | 6.00% | $467.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| HSBC / The Furniture Row | $1,500.00 | 6.00% | $46.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| IRS (Internal Revenue Service) | $6,000.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sam C. Gregory, PLLC | $2,470.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | BEGINNING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | DEBTOR'S PAYMENT TO TRUSTEE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| | | NEW BALANCE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | DISTRIBUTION TO GENERAL UNSECUREDS: | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 |
| | TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 |
| | | ENDING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 37 | MONTH 38 | MONTH 39 | MONTH 40 | MONTH 41 | MONTH 42 |
|---|---|---|---|---|---|---|---|---|---|
| American State Bank | $14,350.82 | 6.00% | $467.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| HSBC / The Furniture Row | $1,500.00 | 6.00% | $46.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| IRS (Internal Revenue Service) | $6,000.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sam C. Gregory, PLLC | $2,470.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | BEGINNING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | DEBTOR'S PAYMENT TO TRUSTEE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| | | NEW BALANCE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | DISTRIBUTION TO GENERAL UNSECUREDS: | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 |
| | TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 |
| | | ENDING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 43 | MONTH 44 | MONTH 45 | MONTH 46 | MONTH 47 | MONTH 48 |
|---|---|---|---|---|---|---|---|---|---|
| American State Bank | $14,350.82 | 6.00% | $467.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| HSBC / The Furniture Row | $1,500.00 | 6.00% | $46.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| IRS (Internal Revenue Service) | $6,000.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sam C. Gregory, PLLC | $2,470.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | BEGINNING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | DEBTOR'S PAYMENT TO TRUSTEE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| | | NEW BALANCE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | DISTRIBUTION TO GENERAL UNSECUREDS: | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 |
| | TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 |
| | | ENDING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 49 | MONTH 50 | MONTH 51 | MONTH 52 | MONTH 53 | MONTH 54 |
|---|---|---|---|---|---|---|---|---|---|
| American State Bank | $14,350.82 | 6.00% | $467.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| HSBC / The Furniture Row | $1,500.00 | 6.00% | $46.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| IRS (Internal Revenue Service) | $6,000.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sam C. Gregory, PLLC | $2,470.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | BEGINNING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | DEBTOR'S PAYMENT TO TRUSTEE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| | | NEW BALANCE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | DISTRIBUTION TO GENERAL UNSECUREDS: | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 |
| | TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 |
| | | ENDING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 55 | MONTH 56 | MONTH 57 | MONTH 58 | MONTH 59 | MONTH 60 |
|---|---|---|---|---|---|---|---|---|---|
| American State Bank | $14,350.82 | 6.00% | $467.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| HSBC / The Furniture Row | $1,500.00 | 6.00% | $46.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| IRS (Internal Revenue Service) | $6,000.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sam C. Gregory, PLLC | $2,470.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

IN RE: Richard Quimby, Debtor  CASE NO  10-50529

Patricia Ann Quimby, Joint Debtor

CHAPTER  13

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| BEGINNING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| NEW BALANCE: | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 | $1,980.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 | $220.00 |
| ENDING BALANCE: | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# NOTICE OF CONFIRMATION HEARING AND THE RIGHT TO OBJECT

Please take notice that a hearing on Motion for Valuation of Security and Confirmation of Debtor's(s') Chapter 13 Plan has been set for **January 27, 2011 at 9:00 a.m.** in the Bankruptcy Courtroom, Room 314, Federal Building, 1205 Texas Avenue, Lubbock, Texas.

CREDITORS AND INTERESTED PARTIES HAVE NO LATER THAN SEVEN (7) DAYS PRIOR TO THE DATE OF THE TRUSTEE'S PRE-HEARING CONFERENCE TO FILE A WRITTEN OBJECTION TO THE DEBTOR'S PLAN AND ANY AMENDMENTS. WRITTEN OBJECTIONS MUST BE FILED WITH THE UNITED STATES BANKRUPTCY CLERK'S OFFICE, ROOM 306, FEDERAL BUILDING, 1205 TEXAS AVENUE, LUBBOCK, TEXAS, 79401. A COPY OF SAID OBJECTION MUST BE SENT TO THE STANDING CHAPTER 13 TRUSTEE AND THE DEBTOR'S(S') ATTORNEY AT THE FOLLOWING ADDRESSES:

| | |
|---|---|
| Robert B. Wilson | Bruce Magness |
| 1001 Main Street, Suite 400 | 1212 13th Street, #101 |
| Lubbock, Texas 79401 | Lubbock, Texas 79401 |
| (806) 740-0114 | (806) 763-1895 |

IN THE EVENT THAT THE TOTAL AMOUNT PAID TO GENERAL UNSECURED CREDITORS PROVIDES A REPAYMENT OF SEVENTY (70) PERCENT OR MORE OF TIMELY FILED CLAIMS AND IF NO WRITTEN OBJECTION IS FILED WITHIN SAID SEVEN (7) DAYS PRIOR TO THE DATE OF THE TRUSTEE'S PRE-HEARING CONFERENCE AND SERVED UPON ALL NECESSARY PARTIES SET FORTH ABOVE, THE COURT WILL BE REQUESTED TO CONFIRM THE DEBTOR'S(S') PLAN WITHOUT FURTHER NOTICE OR HEARING. IF THE PLAN IS LESS THAN SEVENTY (70) PERCENT, THEN THE DEBTORS AND THEIR ATTORNEY MUST ATTEND THE CONFIRMATION HEARING.

Dated: 12/27/2010

Bruce Magness
Attorney for Debtor(s)

If an objection to Confirmation or an Objection to Valuation is filed, there will be a Pre-Hearing conference held by the Standing Chapter 13 Trustee on:

| | | | |
|---|---|---|---|
| Date: | **January 18, 2011** @ 1:30 p.m. | Location: | Trustee's Office<br>1001 Main Street, Suite 400<br>Lubbock, Texas |

THE PRE-HEARING CONFERENCE MUST BE ATTENDED BY THE DEBTOR(S), DEBTOR'S(S') ATTORNEY, AND THE PARTY FILING THE OBJECTION TO CONFIRMATION OR OBJECTION TO VALUATION. CREDITORS FILING OBJECTIONS MUST HAVE REPRESENTATIVES IN ATTENDANCE WITH AUTHORITY TO SETTLE OBJECTIONS.

If a Pre-Hearing Conference should be necessary, you must contact Kathy Westbrook at (806) 740-0114 to schedule your appointment.